IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STACY LEIGH CARMELLA-GREEN,

    Plaintiff,
v.                                                 CASE NO. 1:17-cv-59-MW-GRJ

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff appeals to this Court from a final decision of the Acting Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Title II and Title XVI, respectively, of the Social Security Act ("the Act"), prior to June 1, 2012. (ECF No. 1.) The Commissioner has answered, (ECF No. 11), and both parties have filed briefs outlining their respective positions. (ECF Nos. 25 & 26.) For the reasons discussed below, it is recommended that the Commissioner's decision should be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff filed applications for Title II DIB and Title XVI benefits on September 19, 2011, alleging a disability onset date of October 1, 2006. (R. 92–93, 180–88.) Her applications were denied initially and upon reconsideration. (R. 92–95.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"), who issued a written decision on March 28, 2013, finding that Plaintiff was disabled from March 12, 2010, through June 1, 2011, but not disabled after June 1, 2011. (R. 20–34.) The Appeals Council ("AC") thereafter denied Plaintiff's request for review. (R. 1–3, 15.)

Plaintiff then appealed to this Court. (R. 1701–06.) Upon consent motion by the Commissioner, this Court reversed the Commissioner's decision and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), so that the ALJ could,

> reevaluate Plaintiff's medically determinable impairments and their severity at steps two and three of the sequential evaluation process, and clearly articulate the mental and physical limitations assessed in the residual functional capacity finding with specific references to the evidence of record that supports the assessed limitations pursuant to Social Security Ruling 96-8p; and (2) reevaluate and, if warranted, obtain supplemental vocational expert evidence at steps four and five of the sequential evaluation process to clarify the effect that Plaintiff's residual functional capacity would have on her occupational bases.

(*Id.*)

On remand, the AC reviewed the ALJ's March 28, 2013 decision and issued an order remanding the case to the ALJ, stating:

> As the Court reversed and remanded the hearing decision issued by the Administrative Law Judge, and the Appeals Council does not affirm the favorable portion of the decision, this remand order covers the entire period at issue from the alleged onset date of October 1, 2006 through the date of the new hearing decision.

(R. 1709–12.) The AC then set forth several issues for the ALJ to resolve on remand, including the reasons this Court reversed the Commissioner's decision and remanded the case, as well as various other issues the AC identified. (*Id.*)

On April 13, 2016, following a hearing, the same ALJ issued a new decision finding that Plaintiff was not disabled prior to June 1, 2012, but became disabled on that date. (R. 1599–1615.) The AC then denied Plaintiff's request for review. (R. 1586–89.) Plaintiff subsequently appealed to this Court. (ECF No. 1.)

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2012). Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create

a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen,* 793 F.2d 1177 (11th Cir. 1986) (finding that the court must also consider evidence detracting from evidence on which the Commissioner relied). However, the district court will reverse the Commissioner's decision on

plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1) (2012); 20 C.F.R. §§ 404.1505, 416.905 (2015).[1] The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. § 423(d)(2); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). First, if a claimant is working at a substantial gainful activity, she is not disabled. §§

---

[1] All further references to 20 C.F.R. will be to the 2015 version, unless otherwise specified.

404.1520(b), 416.920(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. §§ 404.1520(c), 416.920(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. §§ 404.1520(e)–(f), 416.920(e)–(f). Fifth, if a claimant's impairments (considering her residual functional capacity ("RFC"), age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. §§ 404.1520(g), 416.920(g).

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff. *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy. *Doughty*, 245 F.3d at 1278 n.2.[2]

---

[2] In *Doughty* the court explained this burden shifting as follows:

## III.  SUMMARY OF THE RECORD

On remand the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2010. (R. 1602.) He further determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date—October 1, 2006. (*Id.*) The ALJ found that since the alleged onset date, Plaintiff had the following severe impairments: (1) arthritis; (2) obesity with adipose dolorosa; and (3) disorders of the spine. (*Id.*) The ALJ further found that beginning on June 1, 2012, through the date of the ALJ's decision, Plaintiff had the following severe impairments: (1) arthritis; (2) obesity with adipose dolorosa; (3) disorders of the spine; (4) Crohn's disease; and (5) non-proliferative diabetic retinopathy with macular edema. (*Id.*) At step three, the ALJ did not find that any of the impairments or combination of impairments met or medically equaled the severity of one of the listed impairments. (R. 1604.)

---

> In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.

*Id.* (internal citations omitted).

At step four the ALJ found that prior to June 1, 2012, Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 1607.) The ALJ further determined that prior to June 1, 2012, Plaintiff was capable of performing past relevant work as an accounts payable clerk and general clerk. (R. 1612–13.) However, the ALJ found that beginning on June 1, 2012, Plaintiff has had the RFC to perform light work as defined in §§ 404.1567(b) and 416.967(b), except that she would miss more than 4 days per month and would be off task more than 20% of an average workday. (R. 1611.) Thus, the ALJ determined that beginning on June 1, 2012, Plaintiff's RFC has prevented her from being able to perform past relevant work. (R. 1613.)

At step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ found that since June 1, 2012, there were no jobs existing in significant numbers in the national economy that Plaintiff could perform. (*Id.*) Accordingly, the ALJ determined that Plaintiff was not disabled prior to June 1, 2012, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. (R. 1614.)

## IV.  DISCUSSION

Plaintiff's sole argument on appeal is that the ALJ acted arbitrarily and capriciously when, on remand, he vacated his finding that Plaintiff was disabled from March 12, 2010 through June 1, 2011. (ECF No. 25.) Plaintiff argues that the ALJ's decision on remand—finding Plaintiff disabled beginning on June 1, 2012—is "not based on the 2000 pages of additional evidence in the file which covers the time period from the date of the last decision to the date of the March 2016 decision." (ECF No. 25 at 22.) Plaintiff further argues that while the ALJ's March 28, 2013 decision ("first decision") found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms generally to be credible, the ALJ's April 13, 2016 decision ("second decision") found Plaintiff's prior testimony not to be credible. Plaintiff says that the second decision should "greatly trouble this Court, which in turn should lead to an order remanding this matter back to the defendant Commissioner." (*Id.* at 23.)

The mere fact that the ALJ found Plaintiff disabled from March 12, 2010 through June 1, 2011, in his first decision but then found Plaintiff disabled only beginning on June 1, 2012, in his second decision does not demonstrate that the ALJ acted arbitrarily and capriciously.  In the second

decision the ALJ was presented with additional evidence.

"Administrative *res judicata* applies when the agency has made a 'previous determination or decision . . . about a claimant's rights on the same facts and on the same issue or issues, and this previous determination or decision had become final by either administrative or judicial action.'" *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (per curiam) (quoting 20 C.F.R. § 404.957(c)(1))[3] (citing *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003)). However, when, as here, a case is remanded the ALJ is not bound by his or her (or another ALJ's) prior decision. Courts have consistently reinforced this principle. *See Gibbs v. Barnhart*, 130 F. App'x 426, 430 (11th Cir. 2005) ("Because the Appeals Council vacated the first ALJ's written decision with instructions for the ALJ to obtain and consider additional evidence, the specific findings contained in that first written decision were never conclusively established and were subject to modification."); *Houston v. Sullivan*, 895 F.2d 1012, 1015 (5th Cir. 1989) ("Once the case was remanded to the ALJ to gather more information about the extent of

---

[3] Pursuant to § 404.957(c)(1), an ALJ may dismiss a request for a hearing if "[t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."

Houston's disability, the ALJ was free to reevaluate the facts."); *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987) (Appeals Council's order directing the ALJ to obtain additional testimony from a vocational expert did not bind the ALJ to his earlier decision that plaintiff could perform sedentary work because the ALJ's redetermination of the RFC was not inconsistent with the order and "[t]o hold otherwise would discourage administrative law judges from reviewing the record on remand, checking initial findings of act, and making corrections, if appropriate"); *Gregg v. Comm'r of Soc. Sec.,* No. 6:06-cv-1892-Orl-28DAB, 2007 WL 4463916, at *3 (M.D. Fla. Dec. 17, 2007) (doctrine of collateral estoppel did not bar ALJ from reconsidering the entire matter after Appeals Council vacated decision and remanded for further development of the record and further consideration because there had not been a final decision on plaintiff's application); *see also United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (recognizing that vacated decisions "are officially gone. They have no legal effect what[so]ever. They are void. None of the statements made in [vacated decisions] ha[ve] any remaining force"); *Miller v. Barnhart*, No. CIV.A. 01-0052, 2002 WL 32348504, at *7 n.5 (E.D. Pa. Jan. 31, 2002), *report and recommendation adopted*, 2002 WL 32348505

(E.D. Pa. Apr. 11, 2002) (noting that where the district court remanded the case so the ALJ could review the evidence according to specific guidelines, if the ALJ had made an identical determination on remand without regard for the district court's instructions, the decision on remand would have been improper).

This Court reversed and remanded the ALJ's first decision so that the ALJ could reevaluate Plaintiff's medically determinable impairments and their severity at steps two and three of the sequential process, clearly articulate the limitations assessed in the RFC, and reevaluate steps four and five of the sequential process. On remand the AC reviewed Plaintiff's case and determined, among other things, that "[t]he medical evidence of record does not support the decision's finding of disability during the closed period from March 12, 2010 through June 1, 2011 . . . ." (R. 1710.) Consequently, the AC instructed the ALJ to obtain additional evidence and give further consideration to Plaintiff's "maximum residual functional capacity during the entire period at issue . . . ." (R. 1711.) The ALJ's second decision—which was more thorough and based on substantially more evidence—adhered to this Court's instruction, as well as the AC's directive.

Although the ALJ's first decision found Plaintiff disabled from March 12, 2010 through June 1, 2011, that decision was based primarily on the effects of treatment Plaintiff received for a mass in her breast that was potentially cancerous. (R. 24–26.) Upon remand and reconsideration, the ALJ explained that the evidence did not support that finding because Plaintiff's "breast cancer and treatment did not persist for 12 consecutive months . . . ." (R. 1603.) Notably, at the first hearing on remand, Plaintiff's representative concurred that Plaintiff's treatment for a potentially cancerous mass in her breast did not establish disability. (R. 2943–45.) Thus, while the second decision did not find Plaintiff disabled from March 12, 2010 through June 1, 2011, nothing suggests that the ALJ acted arbitrarily and capriciously.

Plaintiff has not identified any deficiency in the ALJ's April 13, 2016 decision.[4] When the ALJ issued that second decision a final decision on Plaintiff's application had not yet been made so the ALJ was not bound to the findings made in his first decision. The Commissioner's decision should therefore be affirmed.

---

[4] Plaintiff makes no argument pertaining to the merits of the ALJ's findings.

## V.  RECOMMENDATION

In light of the foregoing it is **RECOMMENDED** that the decision of the Commissioner should be **AFFIRMED**.

**DONE AND ORDERED** this 27th day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**